# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIAN RIVERA-OLIVERA, ET AL., <br><br> Plaintiffs, <br> v. <br><br> LAURA M. VELEZ-VELEZ, ET AL., <br><br> Defendants. | **Civil No. 13-1887 (SEC)** |
| DAMARIS MIRANDA-MAISONAVE, <br><br> Petitioner, <br> v. <br><br> LAURA M. VELEZ-VELEZ, ET AL, <br><br> Defendants. | **Civil No. 14-1745 (SEC)** |

## OPINION AND ORDER

Pending before the Court is Plaintiffs' motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(2), ECF No. 62, Defendants' responses, ECF Nos. 67 & 70, and Plaintiffs' reply, ECF No. 71. The motion is granted.

**I.    Factual and Procedural background**

In these consolidated actions, seven former employees (Plaintiffs)[1] of the Puerto Rico Environmental Quality Board (EQB) bring claims of political discrimination against three EQB officers—the President, the Administration Director, and the Human Resources Director (Defendants)—in their official and individual capacities. Following

---

[1] The plaintiffs in Civ. No. 13-1887 are Marian Rivera-Olivara, Madeline Marrero-Medina, Kathia Fernández-Rivera, Aurea Rivera-Falú, Hector R. Alonso-Rodríguez, and Yarot García-Ortiz. In Civ. No. 14-1745, the only plaintiff is Damaris I. Miranda-Maisonave.

the denial of Defendants' motion to dismiss, the parties engaged in discovery for approximately ten months. After Plaintiffs failed to locate three potential witnesses they intended to depose, Plaintiffs filed a motion for voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(2). In response, Defendants argue that the dismissal should be with prejudice. They also seek reimbursement of litigation costs and expenses.

## II. Standard of Review

Federal Rule of Civil Procedure 41(a)(2) provides that, after the defendant has answered the complaint or filed a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." In this analysis, the court is responsible for exercising its discretion to ensure that " 'no other party will be prejudiced.' " Doe v. Urohealth Sys., Inc., 216 F.3d 157, 160 (1st Cir. 2000) (quoting P.R. Mar. Shipping Auth. v. Leith, 668 F.2d 46, 50 (1st Cir. 1981)); Colón–Cabrera v. Esso Standard Oil Co., 723 F.3d 82, 87 (1st Cir. 2013).  A district court abuses its discretion in countenancing a dismissal without prejudice only where "the defendant will suffer legal prejudice." Id. (quoting Leith, 668 F.2d at 50). "Neither the prospect of a second suit nor a technical advantage to the plaintiff" constitutes such prejudice. Leith, 668 F.2d at 50.

## III. Applicable Law and Analysis

When deciding whether to grant a motion for voluntary dismissal, district courts consider the following factors: (1) the effort and costs incurred by the defendants in preparation for trial; (2) excessive delay and want of diligence in prosecuting the action; (3) the legitimacy (or lack thereof) of the explanation for the need to take a dismissal; and (4) whether a summary judgment motion has been filed by the defendants. Doe, 216 F.3d at 160 (quoting Pace v. S. Express Co., 409 F.2d 331, 334 (7th Cir. 1969)). That is not to say that courts must "analyze each factor or limit their consideration to these factors..." Id. The " 'enumeration of the[se] factors ... is not equivalent to a mandate that each and every such factor be resolved in favor of the moving party before dismissal is appropriate. It is rather simply a guide for the trial judge, in whom the discretion

ultimately rests.' " Id. (quoting Tyco Labs., Inc. v. Koppers Co., 627 F.2d 54, 56 (7th Cir. 1980)). "The very concept of discretion presupposes a zone of choice within which the trial courts may go either way [in granting or denying the motion.]" Doe, 216 F.3d at 160 (parenthetically quoting Kern v. TXO Prod. Corp., 738 F.2d 968, 971 (8th Cir. 1984). The Court addresses each factor sequentially.

The first factor—the defendants' efforts and expenses in preparation for trial—favors dismissal with prejudice. The parties have engaged in substantial discovery including interrogatories, requests for production of documents, and depositions. Indeed, to properly respond to Plaintiffs' discovery requests, Defendants conducted an extensive review of personnel files and ultimately produced thousands of pages. Thereafter, the parties took more than fifteen depositions, seven of which were taken by Defendants.

The second factor, on the other hand, cuts in Plaintiffs' favor. Plaintiffs have been diligent in prosecuting their case. They made timely requests to enlarge the discovery cut-off date and complied with all the case management deadlines. Moreover, "they have fully availed themselves of the discovery mechanisms provided by the Federal Rules of Civil Procedure, thereby evincing diligence." Mateo v. Empire Gas Co., 287 F.R.D. 124, 128 (D.P.R. 2012). Defendants complain that Plaintiffs waited 17 months before moving for voluntary dismissal. But Defendants do not explain why Plaintiffs should have moved for voluntary dismissal earlier.

The timing of Plaintiffs' request is tied to the third factor—the legitimacy of the explanation for the need to move for dismissal. Plaintiffs explain that they seek voluntary dismissal because they were unable to locate three former EQB employees that they intended to depose. According to Plaintiffs, taking the depositions of these former employees is necessary to have a clear picture of Defendants' hiring and firing practices. While the Court finds Plaintiffs' statement somewhat conclusory, given Defendants' silence on the issue, the Court accepts their explanation as legitimate.

The last factor clearly favors dismissal without prejudice since no motions for summary judgment have been lodged. Defendants attempt to escape this inevitable conclusion by pointing out that they filed a motion to dismiss at an early stage. This argument goes nowhere.

To start, a motion to dismiss is not equivalent to a motion for summary judgment. See e.g. Aamot v. Kassel, 1 F.3d 441, 444 (6th Cir. 1993) (Motion to dismiss for failure to state a claim, even where it was accompanied by affidavits and exhibits, was not a "motion for summary judgment" within meaning of Fed. R. Civ. P. 41(a)(1)). But more importantly, Defendants' motion to dismiss was denied long before Plaintiffs moved for voluntary dismissal. Clearly then, Plaintiffs are not seeking "to avoid an imminent adverse ruling." Colón-Cabrera, 723 F.3d at 88 (citation omitted); cf. Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996) ("We agree with the district court that a party should not be permitted to avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice").

After considering the equities of this case together with the foregoing factors, the Court finds that dismissal without prejudice is the proper course of action.

The Court also denies Defendants' request for the imposition of litigation costs. It is true that Rule 41(a)(2) allows the district court to grant voluntary dismissal "on terms that the court considers proper." Fed. R. Civ. Pro. 41(a)(2). Often this entails the imposition of litigation costs and expenses. "The purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) taken by the defendant that the same suit will be refiled and will impose duplicative expenses upon him." Colombrito v. Kelly, 764 F.2d 122, 133 (2d Cir.1985). However, these costs do not include " 'those expenses for items that will be useful in another action or that were incurred by the defendant unnecessarily.' " See Carrión-Ramos v. Nestle De Puerto Rico, Inc., Civ. No. 14-1137, 2015 WL 9239775, at *3 (D.P.R. Dec. 17, 2015) (quoting 9 Wright & Miller, Federal Practice and Procedure: Civil 3d § 2366, at 524-26 (3ed. 2008)). Here, Defendants do not even specify the costs

for which they seek reimbursement and the Court "cannot envision how more than only a minimal amount of overlap in expenses and time may occur with the filing of a new lawsuit." <u>Harrell v. G4S Secure Sols. (USA) Inc.</u>, Civ. No. 12- 569-VEH, 2013 WL 982485, at *2 (N.D. Ala. Mar. 8, 2013). Plaintiffs, however, "may not oppose the use of existing discovery in any subsequent action." <u>Carrión-Ramos</u>, 2015 WL 9239775, at *4.

Plaintiffs' motion for voluntary dismissal is **granted**. Judgment will be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of May, 2017.

<u>*s/ Salvador E. Casellas*</u><br>SALVADOR E. CASELLAS<br>U.S. Senior District Judge